No. 15,707.

HOLDER *v.* THE PEOPLE.
(173 P. [2d] 886)

Decided October 21, 1946.

Mr. DON B. OLIVER, for plaintiff in error.

Mr. H. LAWRENCE HINKLEY, Attorney General, Mr. DUKE W. DUNBAR, Deputy, Mr. JAMES S. HENDERSON, Assistant, for the people.

*En Banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error, hereinafter referred to as defendant, was charged with larceny, as bailee, of a watch of

the alleged value of $75.00, the property of one Crawford. On a verdict of guilty, fixing the value at $42.50, he was sentenced to the penitentiary for a term of two to five years. To review that judgment he prosecutes this writ, and requests that it be made a supersedeas, assigning as error, inter alia, failure of evidence to support the verdict and refusal of the court, at the close of the evidence, to direct a verdict of not guilty. Convinced as we are that this assignment is good we find it unnecessary to consider others, one of which, at least, would likewise require reversal. Record and briefs are short and we detect no good reason for further consideration, hence dispose of the cause on this application.

Defendant with the complaining witness and another, all for some months acquainted, were visiting and drinking together. Crawford announced that he had a wrist watch for sale and on defendant manifesting an interest produced it for inspection. Defendant examined it, put it on his wrist and made an offer. After some negotiation $75.00 was agreed upon, conditioned, said defendant, upon his retaining it a few days to test it. Thereupon he entered his automobile and started to leave. Crawford did not then agree to the retention and moved to enter the car. Defendant closed the door on his finger and drove away. Crawford made no further objection and made no complaint to the officials because, as he testified, "I felt Holder would come back and make settlement with me—he owed me for the watch." "Q. All this time you felt Holder would be back and intended to pay you? A. Yes, sir."

█ Crawford signed a criminal complaint against defendant who had gone to Kansas (when and why does not appear), charging larceny as bailee. This he did with no understanding of the meaning of the charge and only at the solicitation of the officers and on their representation that they wished to get defendant back in the state because of a suspicion that he was concerned in some other offense of which they were unable to

make proof. How defendant came to return does not appear, but he was arrested in Denver. He paid Crawford the full amount agreed upon and took a receipt therefor which appears in the record in Crawford's handwriting. All the foregoing is from the people's evidence and is undisputed in any material particular. Defendant offered no evidence.

We think the most that can be spelled out of this is a sale involving only the unauthorized retention of the watch by defendant for the purpose of ascertaining its timekeeping reliability. Certainly such was the construction always put upon the transaction by Crawford.

It follows that the motion for a directed verdict should have been sustained. The judgment is accordingly reversed and the cause remanded with directions to discharge the defendant.

MR. CHIEF JUSTICE KNOUS not participating.